UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Rudolph Rush, ) | Civil Action No.: 4:15-cv-04367-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Zurich American Insurance Company, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This action arises from a contractual dispute between Plaintiff Rudolph Rush and Defendant Zurich American Insurance Company. Plaintiff filed this action in state court, but Defendant removed it to this Court on October 27, 2015. *See* ECF No. 1. Presently before the Court is Defendant's Motion for Partial Dismissal of Plaintiff's claims brought under the South Carolina Improper Claims Practices Act[1] and the South Carolina Insurance Trade Practices Act.[2] *See* ECF No. 6. For the reasons set forth below, the Court grants in part and denies in part Defendant's motion.[3]

## Background

In October 2012, Plaintiff, a truck driver, sustained a shoulder injury while making a delivery. His employer maintained an insurance policy with Defendant that provided benefits to Plaintiff as an injured person under the policy. Plaintiff reported his injury to his employer, sought treatment from his physician, and submitted a claim to Defendant seeking the benefits under the policy. Defendant responded by requesting additional documentation concerning Plaintiff's claim. Plaintiff complied, yet

---

[1]     S.C. Code Ann. §§ 38-59-20 to -270 (2015).

[2]     S.C. Code Ann. §§ 38-57-10 to -320 (2015).

[3]     Pursuant to Local Civil Rule 7.08, the district court may decide motions without a hearing. The Court has reviewed the parties' filings and determined a hearing in this matter is unnecessary.

Defendant still requested more information. This back-and-forth occurred several more times without Defendant processing Plaintiff's claim.

In October 2015, Plaintiff filed a complaint in state court alleging five causes of action: breach of contract, improper claims practice, improper trade practices, breach of contract accompanied by a fraudulent act, and bad faith. *See* Complaint, ECF No. 1-1. Defendant removed the action to this Court and filed a motion for partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of Plaintiff's causes of action brought under the Improper Claims Practices Act and the Insurance Trade Practices Act on the basis that neither law creates a private cause of action. *See* ECF No. 6. Plaintiff filed a response in opposition, and Defendant filed a reply. *See* ECF Nos. 13 & 14.

## Standard of Review

When deciding a motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pled facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). A complaint must state a "'plausible claim for relief'" to survive a 12(b)(6) motion to dismiss. *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The Court will not dismiss the plaintiff's complaint so long as he provides adequate detail about his claims to show he has a "more-than-conceivable chance of success on the merits." *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 396 (4th Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2006)). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. A complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

**Discussion**

**I.     Improper Claims Practices Act Claim**

In his second cause of action, Plaintiff alleges Defendant violated section 38-59-20 of the Improper Claims Practice Act (S.C. Code Ann. § 38-59-20 (2015)) and that it did so without reasonable cause and in bad faith. *See* Compl. at ¶ 29. Plaintiff seeks an award of attorney's fees pursuant to S.C. Code Ann. § 38-59-40 (2015). *Id.* at ¶ 30. Defendant requests dismissal of this cause of action, arguing the Improper Claims Practice Act does not create a private cause of action. *See* ECF No. 6-1.

The Improper Claims Practices Act states that if an insurer commits any of the specific actions listed in the statute without just cause and so frequently that it indicates a general business practice, the action constitutes an improper claim practice. S.C. Code Ann. § 38-59-20 (2015). Such acts include:

> (1)     Knowingly misrepresenting to insureds or third-party claimants pertinent facts or policy provisions relating to coverages at issue or providing deceptive or misleading information with respect to coverages.
> (2)     Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies, including third-party claims arising under liability insurance policies.
> (3)     Failing to adopt and implement reasonable standards for the prompt investigation and settlement of claims, including third-party liability claims, arising under its policies.
> (4)     Not attempting in good faith to effect prompt, fair, and equitable settlement of claims, including third-party liability claims, submitted to it in which liability has become reasonably clear.
> (5)     Compelling policyholders or claimants, including third-party claimants under liability policies, to institute suits to recover amounts reasonably due or payable with respect to claims arising under its policies by offering substantially less than the amounts ultimately recovered through suits brought by the claimants or through settlements with their attorneys employed as the result of the inability of the claimants to effect reasonable settlements with the insurers.

  (6)  Offering to settle claims, including third-party liability claims, for an amount less than the amount otherwise reasonably due or payable based upon the possibility or probability that the policyholder or claimant would be required to incur attorneys' fees to recover the amount reasonably due or payable.

  (7)  Invoking or threatening to invoke policy defenses or to rescind the policy as of its inception, not in good faith and with a reasonable expectation of prevailing with respect to the policy defense or attempted rescission, but for the primary purpose of discouraging or reducing a claim, including a third-party liability claim.

  (8)  Any other practice which constitutes an unreasonable delay in paying or an unreasonable failure to pay or settle in full claims, including third-party liability claims, arising under coverages provided by its policies.

*Id.* In *Masterclean, Inc. v. Star Insurance Co.*, the South Carolina Supreme Court held third parties do not have a private right of action under the Improper Claims Practices Act and are only entitled to administrative review before the Chief Insurance Commissioner. 347 S.C. 405, 415, 556 S.E.2d 371, 377 (2001). Similarly, in *Ocean Winds Council of Co-Owners, Inc. v. Auto-Owners Ins. Co.*, the district court discussed *Masterclean* and noted § 38-59-20 does not distinguish between first-party and third-party claims. 241 F. Supp. 2d 572, 578 (D.S.C. 2002). The *Ocean Winds* court "conclude[d] based on South Carolina court decisions in the third party context that the South Carolina courts would also conclude that section 38-59-20 does not create a statutory private cause of action for first-party claimants." *Id.*

Defendant relies on *Masterclean* and *Ocean Winds* to support its argument that no private cause of action exists for first-party claimants such as Plaintiff. ECF No. 6-1 at 2. ***However***, as Plaintiff notes in his responsive memorandum, his complaint **only** seeks attorney's fees pursuant to S.C. Code Ann. § 38-59-40 (2015). *See* Compl. at ¶ 30; ECF No. 13 at 3. He does ***not*** seek actual damages under the Improper Claims Practices Act or anywhere in his second cause of action, which is solely a request for

4

statutory attorney's fees. Attorney's fees under § 38-59-40 apply only to breach of contract actions and not tort actions. *See Nichols v. State Farm Mut. Auto. Ins. Co.*, 279 S.C. 336, 342, 306 S.E.2d 616, 620 (1983) (discussing the predecessor statute to § 38-59-40). Significantly, § 38-59-40 authorizes a reasonable amount of attorney's fees to be determined by the trial court:

> In the event of a claim, loss, or damage which is covered by a policy of insurance or a contract of a nonprofit hospital service plan or a medical service corporation and the refusal of the insurer, plan, or corporation to pay the claim within ninety days after a demand has been made by the holder of the policy or contract and a finding on suit of the contract made by the trial judge that the refusal was without reasonable cause or in bad faith, the insurer, plan, or corporation is liable to pay the holder, in addition to any sum or any amount otherwise recoverable, all reasonable attorneys' fees for the prosecution of the case against the insurer, plan, or corporation. *The amount of reasonable attorneys fees must be determined by the trial judge and the amount added to the judgment.* The amount of the attorneys' fees may not exceed one-third of the amount of the judgment.

S.C. Code Ann. § 38-59-40(1) (2015) (emphasis added).[4]

Plaintiff has alleged a breach of contract claim *in addition to* a tort "bad faith" claim, and as a result, he may properly seek the statutory attorney's fees applicable to the breach of contract action pursuant to § 38-59-40. Accordingly, the Court will not dismiss Plaintiff's second cause of action.

## II.     Insurance Trade Practices Act Claim

In his third cause of action, Plaintiff alleges Defendant violated sections 38-57-30 and 38-57-70 of the Insurance Trade Practices Act (S.C. Code Ann. § 38-57-30 and -70 (2015)). *See* Compl. at ¶ 32. Plaintiff seeks an award of actual and punitive damages. *Id.* Defendant seeks dismissal of this cause of action, arguing the Insurance Trade Practices Act does not create a private cause of action. *See*

---

[4]     The Court notes this statute is in Chapter 59 of Title 38 of the South Carolina Insurance Code; Chapter 59 is entitled "Claims Practices."

ECF No. 6-1.

The purpose of the Insurance Trade Practices Act is "to regulate trade practices in the business of insurance in accordance with the intent of Congress . . . by defining, or providing for the determination of, all the practices in this State which constitute unfair methods of competition or unfair or deceptive acts or practices and by prohibiting the trade practices so defined or determined."  S.C. Code Ann. § 38-57-10 (2015).  This law prohibits any person from engaging in any trade practice determined to be "an unfair method of competition or an unfair or deceptive act or practice in the business of insurance."  S.C. Code Ann. § 38-57-30 (2015).  Nor may a person misrepresent the terms, coverage, or effect of the contract or policy to an insured or any other person who has an interest in the proceeds payable under the contract or policy for the purpose of settlement of the claim, loss, or damage under the contract or policy on less favorable terms than those provided by the contract or policy.  S.C. Code Ann. § 38-57-70 (2015).

In *Masterclean*, *supra*, the South Carolina Supreme Court held the Insurance Trade Practices Act does not create a private cause of action.  347 S.C. at 415, 556 S.E.2d at 377 ("The statute clearly manifests legislative intent to create an administrative remedy and not a private right of action.").  In *Lewis v. Omni Indemnity Co.*, the district court ruled the individual plaintiff was barred from bringing an action under the Insurance Trade Practices Act.  970 F. Supp. 2d 437, 451-52 (D.S.C. 2013).  For the same reason, Plaintiff in this case is likewise barred from bringing a civil claim under the Insurance Trade Practices Act.  Accordingly, the Court will dismiss this cause of action.

## Conclusion

Based on the above analysis, the Court denies Defendant's motion as to Plaintiff's second cause of action that solely requests attorney's fees under § 38-59-40 of the Improper Claims Practices Act.

The Court grants Defendant's motion as to Plaintiff's third cause of action brought under the Insurance Trade Practices Act. Accordingly, Defendant's Motion for Partial Dismissal is **DENIED IN PART AND GRANTED IN PART**.

    **IT IS SO ORDERED.**

Florence, South Carolina  
July 20, 2016

<u>s/ R. Bryan Harwell</u>  
R. Bryan Harwell  
United States District Judge